UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> INNOV8TIVE NUTRITION, INC., et al., <br><br> Defendants. | Case No.: 3:22-cv-00721-LL-AHG <br><br> **ORDER RESOLVING OPPOSED JOINT MOTION REGARDING CASE MANAGEMENT CONFERENCE** <br><br> **[ECF No. 56]** |

Before the Court is the parties' Opposed Joint Motion regarding Case Management Conference ("CMC"). ECF No. 56. Plaintiff Youngevity International Inc. ("Plaintiff") requests that the Court set a CMC, which both defendants, Innov8tive Nutrition, Inc. ("Innov8tive") and LaCore Enterprisese, LLC ("LaCore"), (collectively "Defendants") oppose. *Id*.

**I.   BACKGROUND**

On May 19, 2022, Plaintiff filed its complaint, asserting claims under the Lanham Act, 15 U.S.C. § 1125, for false or misleading advertising, and for false advertising and unlawful conduct under section 17200 of the California Business & Professions Code ("UCL"). ECF No. 1 at ¶¶ 46–180. Plaintiff alleges that Defendants' claims that its patch products facilitate absorption of dietary ingredients through the topical patches applied to

the skin are false. *Id*. at ¶¶ 51–53; *see also* ECF No. 38 at ¶ 125, 142, 256. Plaintiff also alleges that the claims made by Defendants' product labels, which purport to show the amounts of vitamins, minerals, nutrients, and percent daily values of each ingredient, are false. ECF No. 1 at ¶¶ 56–57; *see also* ECF No. 38 at ¶ 129. On March 22, 2023, the Court granted Defendants' Motion to Dismiss, finding that Plaintiff failed to make a prima facie showing of personal jurisdiction against either Defendant, and closed the case. ECF No. 15. On appeal, the Ninth Circuit reversed the dismissal, permitted jurisdictional discovery, and granted leave to amend. ECF No. 22. On remand, the Court held multiple discovery conferences to oversee jurisdictional discovery (ECF Nos. 28, 33, 36), and set a deadline for Plaintiff to file its amended complaint. *See also* ECF Nos. 29, 32, 24, 37. On October 7, 2024, Plaintiff filed its amended complaint. ECF No. 38. On October 29, 2024, LaCore filed a motion to dismiss the amended complaint for lack of personal jurisdiction. ECF No. 50; *see also* ECF No. 45 (motion to dismiss, filed October 28, 2024, by incorrect Pacer account). On October 31, 2024, Innov8tive filed an answer to the amended complaint. ECF No. 55; *see also* ECF No. 46 (answer, filed October 29, 2024, by incorrect Pacer account). The parties filed the instant Opposed Joint Motion on November 1, 2024. ECF No. 56. This order follows.

**II.    DISCUSSION**

Though both Defendants have not answered the complaint, and LaCore has filed a motion to dismiss on jurisdictional grounds, Plaintiff requests that the Court set a CMC "so that the [p]arties are required to confer under [R]ule 26(f) and can then begin discovery." ECF No. 56 at 2–3. Plaintiff argues that, because Innov8tive answered the amended complaint, the case will proceed in this district regardless of the outcome of LaCore's motion. *Id*. at 3; *see also id*. at 4 (noting that, if LaCore is dismissed for lack of personal jurisdiction, Plaintiff plans to refile in Texas and "[d]iscovery that proceeds here [in the Southern District of California] against L[aCore] will be put to use in litigation regardless of venue"). Plaintiff also contends that further delay of discovery will cause prejudice, because witnesses "testified that they forgot certain key facts" and because the risk will

increase that "Innov8tive goes out of business and becomes inaccessible during discovery." *Id*. at 4 (citing ECF No. 38 at ¶ 111 and ECF No. 56-1).

Innov8tive contends that the CMC should not take place until after LaCore's motion to dismiss is decided. ECF No. 56 at 5. Innov8tive instead proposes that the Court hold an Early Neutral Evaluation Conference ("ENE") with Plaintiff and Innov8tive first, to explore early resolution of the case, arguing that would be the "most logical and efficient use of the parties' and this Court's time and resources." *Id*. at 5–6.

LaCore argues that both an ENE and CMC are premature. ECF No. 56 at 6. LaCore expressed its concern that Plaintiff is seeking discovery in order to oppose the pending motion to dismiss. *Id*. LaCore also contends that, "[i]f [Plaintiff] is serious about proceeding this case immediately, it is completely within [Plaintiff]'s power to dismiss LaCore and proceed in the case against only Innov8tive, or dismiss this case and proceed against both entities in Texas." *Id*. at 7.

Upon consideration of the docket, papers submitted, the instant motion, and arguments of all sides, the Court finds that holding a CMC would be appropriate at this time. *See, e.g.*, ECF No. 55 (Innov8tive's answer to amended complaint). During the conference, and when setting the case management schedule, the Court will consider argument regarding whether LaCore should be excluded from discovery. *Compare* ECF No. 56 at 4 (noting that, if LaCore is dismissed for lack of personal jurisdiction, Plaintiff plans to refile in Texas and use discovery obtained in this district) *with id*. at 6 ("LaCore will not take any action inconsistent with its challenge to jurisdiction until the Motion to Dismiss is decided"). Given the pending motion to dismiss, as well as the representations of the parties, the Court will not set an ENE at this time.

### III. CONCLUSION

As set forth above, the Court **RESOLVES** the Opposed Joint Motion and **GRANTS** Plaintiff's request for a CMC. ECF No. 56. The Court orders as follows:

1.   The Court **SETS** a Case Management Conference for **December 2, 2024** at **9:30 a.m.** before the Honorable Allison H. Goddard *via videoconference.*

A. The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **November 19, 2024**.

B. The parties must file a Joint Case Management Statement by **November 26, 2024**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at:

https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

C. Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **December 3, 2024**.

D. Court staff will provide the Zoom invitation to counsel of record ahead of the Case Management Conference.

E. During the conference, all participants shall display the same level of professionalism during the conference and be prepared to devote their full attention to the conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

F. Counsel are also advised that although the conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

**IT IS SO ORDERED.**

Dated: November 5, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge