

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>INNOV8TIVE NUTRITION, INC., et al.,<br><br>                              Defendants. | Case No.:  3:22-cv-00721-LL-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR LEAVE FOR PLAINTIFF TO SERVE NON-PARTY FIT BRANDS LLC THROUGH ALTERNATIVE SERVICE**<br><br>**[ECF No. 78]** |

Before the Court is the parties' joint motion for leave for Plaintiff Youngevity International Inc. ("Plaintiff") to serve Non-Party FIT Brands LLC ("Fit Brands") with a revised subpoena through alternative service. ECF No. 78.

"Federal Rule of Civil Procedure 45(b)(1) provides that '[s]erving a subpoena requires delivering a copy to the named person[.]' However, after attempts at personal

serve have been tried and failed, '[c]ourts are more inclined to grant [] alternative service' provided 'the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service.'" *Bhatia v. United States*, No. 2:19-cv-2313-DAD-DB, 2024 WL 967616, at *1 (E.D. Cal. Mar. 6, 2024) (brackets in original) (quoting *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL-JSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015)). Courts are also more inclined to grant alternative service where the proposed method of alternative service "is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *In re Delta Air Lines, Inc.*, No. LA-CV20-00786-JAK-SKx, 2023 WL 9018986, at *4 (C.D. Cal. Dec. 4, 2023) (quoting *Fujikura*, 2015 WL 5782351, at *5).

Here, Plaintiff served Fit Brands with a document subpoena on December 11, 2024. ECF No. 78 at 2; ECF No. 78-1 at 6. On December 19, 2024, Fit Brands, through counsel, emailed its objections to the subpoena. ECF No. 78 at 2; ECF No. 78-1 at 11. "[I]n an attempt to obviate the need for court involvement," Plaintiff revised its subpoena. ECF No. 78 at 2. Plaintiff represents to the Court that it has diligently attempted to serve its revised subpoena on Fit Brands through its registered agent and through its counsel. *Id*. For example, Plaintiff's process server attempted to serve Fit Brands with the revised subpoena on December 27, December 28, and December 30, but was unable to do so; thus, Plaintiff now "believes that Fit Brands is now intentionally evading service." *Id*. at 2–3; ECF No. 78-1 at 20. Further, Fit Brands' counsel "refus[ed] to accept service of the revised subpoena despite objecting to the subpoena on behalf of Fit Brands." ECF No. 78 at 3; ECF No. 78-1 at 8 ("I am not authorized to accept service on behalf of FIT Brands, LLC of anything."). As such, the parties jointly request that Plaintiff be permitted to serve the revised subpoena on Fit Brands' counsel through the email address that counsel used to serve Fit Brands' objections to Plaintiff's original subpoena, and serve the revised subpoena on Fit Brands' registered agent through certified mail. ECF No. 78 at 4. Plaintiff contends that its proposed methods of alternative service will provide Fit Brands with timely and fair notice and an opportunity to object and quash the subpoena. *Id*. at 3.

Upon due consideration, the Court finds good cause to **GRANT** the parties' joint motion. ECF No. 78. Plaintiff is granted leave to serve the revised subpoena on Fit Brands by emailing the revised subpoena to Fit Brands' attorney, Jeffrey S. Moeller (jmoeller@sseg-law.com), and by mailing the revised subpoena, through certified mail, to Fit Brands' registered agent, Richard V. Washburn, 440-44 Deer Island Dr., Aurora, OH 44202.

**IT IS SO ORDERED.**

Dated:  January 6, 2025

Honorable Allison H. Goddard
United States Magistrate Judge